# NEWPORT COUNTY.

### SAMUEL S. E. HARVEY *vs.* CHARLES E. HARVEY.

A. executed and delivered to B. a mortgage of certain specified chattels with covenants of ownership and warranty. Among the enumerated chattels were some which A. and B. both knew belonged to a third party. After condition broken B. demanded the chattels, and on A.'s refusal to deliver them brought trover against A.

*Held*, that A. was estopped by his covenants from denying his ownership of the chattels.

*Held*, further, that as the action in trover affected only A., and as the mortgage was valid between A. and B., the fact that A. and B. were both cognizant of and participants in the fraud, actual or attempted, on the third party was immaterial.

A new trial will not be granted for a merely trivial error in a judge's charge.

DEFENDANT'S petition for a new trial.

*Providence, February* 11, 1882. DURFEE, C. J. This is a petition for the new trial of an action of trover, for the conversion of certain specific chattels claimed by the plaintiff as mortgagee under a mortgage given him by the defendant. The mortgage was by deed with covenants of ownership and warranty. At the trial,

after the plaintiff had submitted testimony showing that the defendant had remained in possession, and after default had refused to deliver the chattels in question on demand, the defendant submitted testimony to show that a part of the chattels belonged to his wife when they were mortgaged, and that the reason why he did not deliver them on demand was that his wife had removed and secreted them without his knowledge or consent, and refused, though he requested it, to surrender them. He also offered testimony to show that, when the mortgage was preparing, his wife told the plaintiff that the articles were hers, were mostly her wedding presents, that she would not have them sold under any circumstances, and that she would not put them in if there was any possibility of their being sold, and that the plaintiff replied she need not be afraid, he only wanted to get an idea of what was in the house and was not going to sell them. The testimony was objected to, and ruled out subject to exception. The articles were such as could not have been mortgaged unless the wife joined in the deed. The plaintiff testified that by mistake two dozen plated table spoons were included, when in fact he had but one dozen. The court charged the jury that if any articles not belonging to the defendant were included in the mortgage by mistake, the defendant would nevertheless be liable for them if they were not produced on demand; and refused, though requested, to charge that he would not be liable for articles included in the mortgage, which belonged to another person, or which belonged to his wife to the knowledge of the plaintiff when the mortgage was given. The jury returned a verdict for plaintiff for $56.79. The petition is for a new trial for error in the ruling and charge of court.

The principal question under the petition is whether the defendant was estopped by his deed from proving, or benefiting by the proof, that a part of the chattels, alleged to have been converted, belonged to his wife, and that the plaintiff knew it when he took the mortgage. There can be no doubt that the proof would contradict the deed, for the deed affirmed, both expressly and by implication, the ownership of the defendant, and therefore, unless the case is an exception to the rule, the estoppel must be allowed in any action either directly on the deed, or for the enforcement of rights arising out of it. The case of *Wiles* v. *Wood-*

*ward*, 5 Exch. Rep. 557, is a case in which estoppel by deed was applied in trover. The parties had been copartners in the business of a paper-mill and in their deed of dissolution recited that certain paper, which had been part of their stock, and which in the deed was transferred to the plaintiff, had been delivered to him, though left at the mill. In trover against the defendant for converting it, the defendant offered to prove that it had never been delivered, for the purpose of showing that the plaintiff had no title or no separate title to it, but the court held the defendant concluded by the recital. So in *Nevett* v. *Berry*, 5 Cranch C. C. 291, the court held that if a vendor of personal property states under seal that he has "bargained, sold, and delivered" it to the vendee, he is estopped in trover by the vendee to deny the delivery. These cases differ from the case at bar, in that in them the parties were dealing as they had a right to deal with property belonging to one or both of them; whereas, in the case at bar, the property did not belong to either, and the plaintiff, knowing that it did not, not only accepted the mortgage, but also, according to the testimony offered and ruled out, furthered the making of it by false promises to the true owner, who was the wife of the maker. For the sake of the-wife we should be glad to hold that the plaintiff was himself estopped by his misconduct from claiming the benefit of the estoppel, but we do not see our way clear to do it; for the deed, though ineffectual to convey the wife's presents, was valid between the parties, and the wrong committed or contemplated against the wife was committed by the defendant jointly with the plaintiff, and therefore, in a case which affects only the defendant, we do not see how he can be permitted to take advantage of it in order to avoid the estoppel. In *Roberts* v. *Roberts*, 2 B. & A. 367, the deed was given by one brother to another to give the latter a colorable qualification to kill game, and to get rid of an information then pending against him. In ejectment for the estate conveyed, the court held the defendant estopped from showing the fraudulent purpose of the deed in order to avoid it. "A deed," said the court, "may be avoided on the ground of fraud; but then the objection must come from a person neither party nor privy to it, for no man can allege his own fraud in order to invalidate his own deed." See also *Phillpotts* v. *Phillpotts*, 10 C. B.

85; *Bessey* v. *Windham*, 6 Q. B. 166. We are therefore of the opinion that the testimony which was offered and rejected was rightly rejected, and that the requests to charge were rightly refused. And if there was any error in the charge that the defendant was liable for the conversion of the dozen plated table spoons included in the mortgage by mistake, and which were apparently non-existent, the error is obviously too trivial to warrant a new trial.

In conclusion we will say that we do not see how the jury can have found the defendant guilty of converting the articles belonging to his wife, if they were satisfied that she removed and secreted them without his knowledge and consent, so that he could not comply with the demand for them, and the smallness of the verdict affords reason for supposing they did not.

*Petition dismissed.*

*William P. Sheffield*, for plaintiff.
*Darius Baker*, for defendant.